IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PACK EXPO SERVICES, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| CENTRAL STATES, SOUTHEAST AND | ) Judge: |
| SOUTHWEST AREAS PENSION FUND, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT TO VACATE OR MODIFY ARBITRATION AWARD**

Plaintiff, Pack Expo Services, LLC ("Plaintiff" or "Pack Expo"), for its complaint against Central States, Southeast and Southwest Areas Pension Fund ("Defendant" or "Pension Fund"), states as follows:

**NATURE OF THE ACTION**

1. Pack Expo brings this action to vacate, or in the alternative modify, an arbitration award issued by Arbitrator Timothy Hott dated October 27, 2022. A true and correct copy of the award is set forth in Exhibit A ("Award"). The Award was issued pursuant to the arbitration procedures set forth under Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1381 – 1453.

2. The Arbitrator's Award was erroneous as a matter of law with respect to the highest contribution rate that the Pension Fund was permitted to apply under ERISA Section 305 (29 U.S.C. 1085).

3. The parties do not dispute the material facts relevant to this issue. As such, this matter presents a question of law that this Court reviews *de novo*. Where a withdrawal liability dispute solely involves purely a matter of law, the legal determination of an arbitrator is fully

reviewable to determine that statutory law is properly applied. *Trustees of Iron Workers Local 743 Pension Trust v. Allied Products Corp.*, 872 F.2d 208, 211-212 (7th Cir. 1989); *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton TRI Indus.*, 727 F.2d 1204, 1207 (D.C. Cir. 1984).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under ERISA Sections 4221(b)(2) and 4301(c), 29 U.S.C. §§ 1401(b)(2) and 1451(c).

5. This Court has jurisdiction to vacate or modify the Arbitrator's award upon completion of the arbitration proceedings pursuant to 29 U.S.C. 1402(b)(2).

6. Venue lies in this Court under ERISA Section 4301(d), 29 U.S.C. § 1451(d), because the Pension Fund is an "employee benefit plan" under ERISA Section 3(3), 29 U.S.C. 1002(3), and the Pension Fund is administered in the Northern District of Illinois, Eastern Division.

## PARTIES

7. Pack Expo is a limited liability company organized under the laws of the state of Virginia.

8. The Pension Fund is a multiemployer pension benefit plan within the meaning of ERISA Section 4001(a)(3), 29 U.S.C. 1301(a)(3), with its principal office located at 9377 West Higgins Road, Rosemont, Illinois.

## FACTS

The relevant facts, the vast majority of which were stipulated to by the Parties in the underlying arbitration are as follows:

    A.    **The Pension Fund's Plan and Rehabilitation Plan**

9. The Pension Fund's current standard benefit formula has been in effect since January 1, 2004, and provides for an accrued benefit of 1% of contributions made on a participant's behalf. At

all relevant times, this accrued benefit formula is and was described in Section 1.01(b)(3) of the Central States, Southeast and Southwest Areas Pension Plan ("Plan").

10. On March 24, 2008, the Pension Fund's actuary first certified that the Fund was in critical status, as defined in 29 U.S.C. § 1085(b)(2). For each year from 2014 through 2019, the Pension Fund's actuary certified that the Pension Fund was in either critical or critical and declining status, as defined in 29 U.S.C. §§ 1085(b)(2) and 1085(b)(6).

11. From March 26, 2008, through the present, the Fund was subject to a Rehabilitation Plan as required under 29 U.S.C. § 1085(a)(2) and (3) (the "Rehabilitation Plan"). The Rehabilitation Plan was and is described in Appendix M to the Plan, and such Appendix is updated and supplemented annually, such that Appendix M-11 describes the 2019 version of the Rehabilitation Plan and Appendix M-13 describes the 2021 version of the Rehabilitation Plan.

12. Under the Rehabilitation Plan portion of the Plan, the employer contribution rate increases each year by the percentages set forth under the applicable schedule, which compound annually.

13. Since adopting its Rehabilitation Plan in March 2008, the Fund has not adopted a Plan amendment to increase benefits or future benefit accruals.

14. On March 29, 2019, the Fund's actuary certified that the Fund was in critical and declining status and projected the Fund to become insolvent by 2025.

B. **Pack Expo's Contribution Obligation**

15. Pack Expo was obligated to contribute to the Fund on behalf of certain covered employees from at least January 1, 2009, through at least June 30, 2019, pursuant to collective bargaining agreements ("CBAs") in effect with Local Union No. 727 affiliated with the International Brotherhood of Teamsters.

16. A true and accurate summary of the rates at which Pack Expo was obligated to contribute to the Fund under the relevant CBAs during December 31, 2014 through at least June 30, 2019, in accordance with the Pension Fund's Rehabilitation Plan, is provided by the chart below:

| Time Period | Weekly Contribution Rate |
|---|---|
| As of 12/31/2014 | $328.00 |
| 1/1/2015 – 12/31/2015 | $356.00 |
| 1/1/2016 – 12/31/2016 | $376.00 |
| 1/1/2017 – 12/31/2017 | $392.00 |
| 1/1/2018 – 12/31/2018 | $408.00 |
| 1/1/2019 – 12/31/2019 | $424.00 |

**C.     The Withdrawal Liability Assessment against Pack Expo.**

17. In 2019, Pack Expo permanently ceased to have an obligation to contribute to the Fund, thereby effecting a complete withdrawal as defined in 29 U.S.C. § 1383 (the "Withdrawal"). As a result of the Withdrawal, in September 2020, Pack Expo received a notice and demand for payment of withdrawal liability issued by the Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1) (the "Notice and Demand"). The Notice and Demand notified Pack Expo that it was required to discharge its liability in a lump sum of $6,358,246.63, or in 240 monthly payments of $12,477.57, with the first installment due on or before October 1, 2020, and a final installment due on or before September 1, 2040. Pack Expo has made all monthly installment payments required as of October 31, 2022.

18. The contribution rate used by the Pension Fund to determine the amounts demanded in the Notice and Demand was $10.60/hour or $424.00/week.

19. The contribution rate of $424.00/week took effect during the 2019 plan year and reflects contribution rate increases as specified by the Primary Schedule of the Rehabilitation Plan portion of the Plan.

20. Pack Expo's highest contribution rate to the Fund prior to January 1, 2015, was $8.20/hour or $328.00/week.

4

21. For purposes of this Complaint, Pack Expo does not challenge the amount of withdrawal liability calculated by the Pension Fund. Pack Expo only challenges the withdrawal liability assessed insofar as the Fund calculated Pack Expo's annual payment and payment schedule under 29 U.S.C. § 1399(c)(1)(C).

22. As part of the Parties' joint exhibits in the arbitration proceedings, the Pension Fund submitted a report of its actuary, Daniel Ciner, which was prepared for purposes of the arbitration. Pack Expo stipulated to the existence of that report and that it was a true and accurate copy of the report, but it did not stipulate to the conclusions drawn by the actuary therein.

**D.     The Arbitration Proceedings and Award.**

23. On April 13, 2021, Pack Expo timely initiated arbitration with the Pension Fund pursuant to ERISA Section 4221(a)(1), 29 U.S.C. 1401(a)(1).

24. The arbitration was undertaken under the auspices of the American Arbitration Association ("AAA") and identified as AAA Case No. 01-21-0002-7024.

25. The Parties agreed to have the matter decided before Arbitrator Timothy Hott, without hearing, by cross-motions for summary judgment.

26. The Parties further agreed to limit the issues and argue their positions solely as to the highest contribution rate that should be applied by the Pension Fund for purposes of calculating Pack Expo's annual withdrawal liability payments.

27. Arbitrator Hott issued his Award on October 27, 2022. The Award was shared with the Parties by AAA on October 28, 2022.

28. In the Award, without explanation or analysis, the Arbitrator adopted the Pension Fund's primary argument, holding that the contribution rate that should apply for purposes of calculating Pack Expo's annual withdrawal liability payments should be $424.00 per week. That

decision was flawed and the Arbitrator should have concluded that the contribution rate was $328 per week.

29. Attached as Exhibit B are four arbitration awards on this exact same legal issue, involving other employers, but the same Pension Fund. In each of those awards, the arbitrators correctly concluded that the Pension Fund erred by including post-2014 contribution rate increases for purposes of calculating the employers' annual withdrawal liability payments, as it did here.

### E. Judicial Review

30. The Arbitrator made an incorrect conclusion of law, and as such, the Award should be vacated, or in the alternative, modified.

31. Specifically, Arbitrator Hott improperly concluded, without explanation or analysis of the relevant statutes or the Parties' legal arguments, that the contribution rate that should apply for purposes of calculating Pack Expo's annual withdrawal liability payments, should be that rate that was in effect as of the date of withdrawal.

32. Pack Expo requests a judgment vacating, or in the alternative, modifying the Arbitrator's Award and ordering that the Pension Fund recalculate Pack Expo's annual withdrawal liability payments taking into account the highest contribution rate that applied as of December 31, 2014, and excluding any increases in the contribution rate since that date.

### CLAIM UPON WHICH RELIEF MAY BE GRANTED

33. Based on the Arbitrator's faulty analysis of 29 U.S.C. 1085(g)(3), the Arbitrator erred in concluding that, as a matter of law, the contribution rates required under the Pension Fund's Rehabilitation Plan, which took effect after December 31, 2014, could be considered in calculating Pack Expo's annual withdrawal liability payments. To the contrary, pursuant to the unambiguous statutory terms, the highest contribution rate that could be applied to calculate Pack

Expo's annual withdrawal liability payments is $328.00 – the rate in effect as of December 31, 2014.

34. Pack Expo is entitled to judgment vacating or modifying, as appropriate, the Arbitrator's Award consistent with the above.

35. Pack Expo is entitled to its costs, expenses, and attorney fees associated with challenging the Award, and such other additional relief as is just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Pack Expo requests the following relief:

1. An order vacating or modifying the Arbitrator's Award;

2. An order instructing the Pension Fund to recalculate Pack Expo's annual withdrawal liability payments without including any increases in contribution rates that took effect after December 31, 2014;

3. An order awarding Pack Expo its costs, expenses, and attorney fees associated with this action; and

4. Any other relief that the Court deems just and proper.

Dated: November 18, 2022

Respectfully submitted,

PACK EXPO SERVICES, LLC

/s/: Christina Wernick
Christina Wernick
Attorney for Plaintiffs

Christina Wernick, cwernick@lanermuchin.com (6286644)
William T. Daniels, wdaniels@lanermuchin.com (6224750)
Chad R. DeGroot, cdegroot@lanermuchin.com (6308860)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, IL 60654
(312) 467-9800 / (312) 467-9479 (fax)